IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURTNEY LAWSON,<br><br>    Plaintiff,<br><br>  v.<br><br>DARIUS (DEREK) CHABROWSKI,<br><br>    Defendant.<br>                                / | No. C 13-01130 WHA<br><br>**ORDER REMANDING ACTION TO STATE COURT, DENYING PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES, AND VACATING HEARING** |

Plaintiff Courtney Lawson filed this defamation and harassment action in the Superior Court for the County of San Mateo in December 2012 (Dkt. No. 1). Defendant Darius (Derek) Chabrowski was personally served with the summons and complaint on January 25, 2013 (*id.*). Defendant, who is pro se, mailed a notice of removal to this Court on February 26, 2013, one day past the 30-day deadline for filing a notice of removal pursuant to 28 U.S.C. 1446(b). A document mailed to the court is "filed" upon its receipt by the clerk. *Cooper v. City of Ashland*, 871 F.2d 104, 105 (9th Cir. 1989). The notice was therefore filed at least two days late. Plaintiff, who is represented by counsel, timely filed a motion to remand (Dkt. No. 3).

Defendant has twice failed to respond to plaintiff's motion to remand, despite an order to show cause (Dkt. No. 19). That order expressly warned defendant that failure to respond might result in the motion being granted (*id.*). As the complaint alleges only state-law causes of action, federal-question jurisdiction is lacking. Plaintiff asserts defendant will unlikely be able to demonstrate diversity of citizenship as of the date of removal as required; therefore, there is no

federal subject-matter jurisdiction. 14B Fed. Prac. & Proc. Juris. § 3723 (4th ed.); *see also* Dkt. Nos. 4, 16.

This order finds that defendant improperly removed this action from state court. The action is **REMANDED TO THE SUPERIOR COURT FOR THE COUNTY OF SAN MATEO.** The hearing scheduled for May 16, 2013, is **VACATED**.

Plaintiff requests an award of "just costs and any actual expenses, including attorney['s] fees, incurred as a result of the removal," in the amount of $1,320, representing 3.3 hours of work at $400 per hour (Dkt. Nos. 4, 5). Awards of attorney's fees and costs under Section 1447 are discretionary. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). "Absent unusual circumstances, courts may award attorney's fees under [Section] 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141. As defendant is pro se, his failure to comply with removal procedures and court deadlines does not merit the award of fees to opposing counsel. Plaintiff's request for attorney's fees is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: May 2, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2